ALBANY COUNTRY CLUB, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant.

Third Department, July 15, 1963.

*De Graff, Foy, Conway & Holt-Harris* (*John T. De Graff, John E. Holt-Harris* and *John T. De Graff, Jr.,* of counsel), for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Julius L. Sackman* and *Paxton Blair* of counsel), for respondent-appellant.

*Per Curiam.* This is an appeal by the State and the claimant from an award of $3,079,646.50 by the Court of Claims for the appropriation of claimant's country club property.

The State claims the award is excessive and the claimant seeks to have the award increased. We determine that the award is not excessive but the quantum should be increased.

The Court of Claims found, and the parties agree, that the entire taking comprised 292.5 acres of claimant's land. With certain modifications, set forth hereafter, we adopt the memorandum decision and findings of the Court of Claims.

We find that the Court of Claims properly determined that the Washington Avenue frontage was subject to an imminent change in zoning from residential to commercial and properly allowed a premium for such probability. However, in view of the proximity of the property to the Thruway and Northway interchanges as well as to the adjacent State Campus; in view, also, of the rapid commercial development of Fuller Road with consequent rising values there and elsewhere in the immediate vicinity, as shown by the testimony of the State witness of a value of $584 per front foot to property directly across the avenue, and the value of $638 per front foot at which the same expert appraised a nearby banking property, and testimony as to recent sales of other nearby commercial property, we determine that the premium allowed did not reflect the true

value of the frontage and accordingly increase the per foot frontage from $350, as found by the Court of Claims, to $425, for a net increase in the award of $172,050.

We find that the Court of Claims was correct in regarding the property as specialty property. However, the record establishes that the court should have adopted the replacement value of the golf course, as testified to by claimant's highly qualified expert, Robert Trent Jones, which did not include trees and water supply, and accordingly, the award of the Court of Claims is increased from $292,720 to $344,830, for a net increase in the award of $52,110.

We further find that the court should have placed a higher value on the 170 acres of club purpose land. The property was used as a " specialty " in the strictest interpretation of the word. There is ample proof that this form of specialty, unlike other such property, did not depreciate in value because of use, but to the contrary, with proper maintenance appreciated with age. We think, under such circumstances, the property should be given full value for its highest and best use. The records and the exhibits establish that on this 170 acres an exceptional number of trees were planted over a period of years in furtherance of a well-designed plan for enhancement of the golf course and to develop aesthetic surroundings. As the Court of Claims so aptly observed: " There is no doubt that the premises were ideally adapted to the use to which they were put at the time of the appropriation." (37 Misc 2d 134, 136.)

After giving full consideration to the tree development on the property, the excellence of the water supply and other intrinsic values as to the specialty adaptation of this property, as established in the record, we determine that the full value of the club purpose land is $1,100,000 for a net increase in the award of $250,000.

Finally, we find that the 98 acres of residential land should have been given a higher value. Claimant's witnesses valued the land at more than $8,000 per acre as did one of the State's witnesses in regard to one portion of the 98 acres. The record indicates that residential land located on the perimeter of a country club usually brings a premium and the conservative value of $5,929 placed on the acreage by one witness was based on the theory that the golf course was nonexistent. The record establishes that a value of $6,500 per acre would be a realistic value and fairly compensate the claimant for the 98 acres of residential land. Accordingly, we increase the value of the residential land from $6,000 per acre to $6,500 per acre for a net increase in the award of $49,000.

In *Katz* v. *State of New York* (10 A D 2d 164, 166) this court stated: " We recognize the general rule that on a question of quantum appellate courts are reluctant to disturb the valuation of the trial court. However, that rule is not without exceptions, and if the evaluation is clearly inadequate it is erroneous."

The judgment should be modified on the law and facts by increasing the amount thereof to the sum of $3,602,806.50, with interest, and as so modified, affirmed, with costs to claimant.

COON, J. P., GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment modified, on the law and the facts, by increasing the amount thereof to the sum of $3,602,806.50, with interest, and as so modified, affirmed, with costs to claimant.